USDC SCAN INDEX SHEET

SWD 4/15/04 9:43

3:04-CV-00760 RENO WILSON INC V. PR OPTICS

*1*

*CMP.*

FILED

04 APR 13 PM 3:56

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

Karl M. Steins, SBN 179418
STEINS & ASSOCIATES
2333 Camino Del Rio South, Suite 120
San Diego, California 92108
Telephone (619) 692-2004
Facsimile (619) 692-2003

Thomas F. DiPaolo, SBN 156779
DIPAOLO & ASSOCIATES APC
9820 Willow Creek Road, Suite 260
San Diego, California 92131
Telephone (858) 408-0621
Facsimile (858) 547-4691

Attorneys for Plaintiff Reno Wilson, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'04 CV 00760 LAB (BLM)

| | | |
|---|---|---|
| RENO WILSON, INC., dba GATORZ<br><br>Plaintiff,<br><br>v.<br><br>PR OPTICS, LLC, a corporation; MAXAM EYEWEAR, a business entity; PAUL D. DiFIORE, an individual; and RUSSEL LACASSE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | ) | Case No.:<br><br>COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, BREACH OF CONTRACT AND MISAPPROPRIATION OF TRADE SECRETS<br><br>DEMAND FOR JURY TRIAL |

## JURISDICTION AND VENUE

1. This action arises under the Patent Laws of the United States, 35 USC §§ 271 and 281, for patent infringement, the Copyright Act of 1976, 17 USC §§ 101 *et seq.*, for copyright infringement, and under § 43(a) of the Lanham Act, 15 USC § 1125(a) for unfair trade practices. Jurisdiction over the subject matter is conferred on the Court under 28 USC § 1338 (a) and (b). Jurisdiction over the unfair competition claim is also conferred on this court by 28 USC § 1332

because of the existing diversity of citizenship between the parties and because the matter in controversy, exclusive of interest and costs, exceeds the sum of $1,000,000. This court has jurisdiction of this action under 28 USC §§ 1332, 1338(a) and 1338(b).

2. Venue is proper in the Southern District of California in that all of the defendants are subject to personal jurisdiction in this district the time the action is commenced.

**THE PARTIES**

3. Plaintiff Reno Wilson, Inc. is a California corporation doing business in California and elsewhere as Gatorz ("Gatorz"). Gatorz's principal place of business is in Poway, California, within the Southern District of California.

4. Gatorz is informed and believes, and on that basis alleges, that defendant PR Optics, LLC ("PR Optics") is a limited liability company with its principal place of business located at 3223 Route 38 West, Mt. Laurel, New Jersey. PR Optics does business throughout the United State of America, and specifically within the Southern District of the State of California.

5. Gatorz is informed and believes, and on that basis alleges, that defendant Maxam Eyewear ("Maxam") is a business entity with its principal place of business located at 3223 Route 38 West, Mt. Laurel, New Jersey. Maxam does business throughout the United State of America, and specifically within the Southern District of the State of California.

6. Defendant Paul D. DiFiore ("DiFiore") is, and at all times mentioned was, an individual and resident of the State of New Jersey. Gatorz is informed and believes, and on that basis alleges, that DiFiore is an owner, member and/or general partner of PR Optics and/or Maxam.

7. Defendant Russell Lacasse ("Lacasse") is, and at all times mentioned was, an individual and resident of the State of Massachusetts. Gatorz is informed and believes, and on that basis alleges, that Lacasse is an owner, member and/or general partner of PR Optics and/or Maxam.

8. Gatorz is informed and believes, and on that basis alleges, that DiFiore and Lacasse both have and continue to do business within the State of California through numerous business dealings involving the eyewear industry including PR Optics and Maxam.

////

9. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named as DOES 1 through 10, inclusive, are unknown to Gatorz, which is informed and believes each of these fictitiously named defendants is in some way liable to Gatorz on the claims for relief action below. Therefore, Gatorz sues these defendants by fictitious names and will move to amend this Complaint to show the true names and capacities of these fictitiously named defendants when it has ascertained them.

10. Gatorz is informed and believes, and thereon alleges, that each of the defendants named was the agent and/or employee of each of the remaining defendants, and was at all times herein, acting within the scope and purpose of such agency and/or employment and with the consent, authorization, permission and ratification of the remaining co-defendants and each of them.

## GENERAL ALLEGATIONS

11. Gatorz is, and at all times and relevant to the matter alleged in this Complaint was, engaged in the business of designing, creating, producing, distributing and marketing sunglasses, specialty eyewear and related merchandise. Gatorz is widely recognized in the sunglass industry and by the general public as a unique source of high-quality and innovative billet-style, metal-framed sunglasses which are entirely formed from flat aluminum or titanium stock (hereinafter referred to as a "billet") and formed into a predetermined shape.

12. Gatorz expended considerable time, effort and moneys in the development of a method for making these unique billet-style, metal-framed sunglasses. In or before 1995 Gatorz introduced the metal sunglasses to the general public, and has sold them throughout the world under the trademark "Gatorz." The sunglasses achieved instantaneous and widespread acceptance by the general public and generated substantial profits to Gatorz.

13. As is customary to protect its investment in the development of such a unique product, Gatorz filed an application for United States Letters Patent serial number 564,489. On December 10, 1996, United States Utility Patent No. 5,583,583 was duly and legally issued in the name of Ken Wilson as inventor of the billet-style, metal-framed sunglasses and the method of making the same ("the Patent"). A true and accurate copy of the foregoing Patent is attached

////

to this Complaint as Exhibit A. Gatorz is the owner by assignment of the entire right, title and interest in and to the foregoing Patent.

14. From or before 1995 to the present, Gatorz has hired defendants or their predecessors to manufacture Gatorz's billet-style, metal-framed sunglasses. Prior to disclosing to defendants the methodology of manufacture and other related trade secrets pertaining to Gatorz's sunglasses, Gatorz required defendants to execute an agreement preventing and precluding defendants from disclosing any trade secrets acquired as a result of the business relationship between Gatorz and those defendants.

15. Gatorz is informed and believes that defendants have and continue to manufacture, sell and market billet-style, metal-framed sunglasses which are identical to or so closely resemble Gatorz's billet-style, metal-framed sunglasses as to be indistinguishable from Gatorz's products. And Gatorz is further informed and believes defendants are engaging in such acts in effort to deceive consumers into purchasing their "knock off" products with the belief that such products are actually those of Gatorz.

**FIRST CLAIM FOR RELIEF**
**(Patent Infringement Against All Defendants)**

16. Gatorz realleges Paragraphs 1 through 15.

17. Gatorz manufactures and sells goods made in accordance with the Patent, and all the goods sold by the Gatorz since the issuance of the Patent have borne proper notice of said patent, pursuant to 35 USC § 287. Furthermore, defendants are aware of the existence of the Patent through their relationship as a manufacturer of Gatorz's.

18. Gatorz is informed and believes, and on that basis alleges, that defendants, in complete disregard of the Patent and in deliberate, knowing and wanton disregard for the rights of Gatorz, have manufactured and sold sunglasses which infringe upon the Patent. Such infringing activity on the part of defendants has occurred throughout the United States and specifically in this Southern District of California, and defendants will continue to engage in such infringing activities unless enjoined by this court.

////

19. Upon information and belief, defendants have by their aforementioned infringement of the Patent unlawfully derived substantial profits that Gatorz would otherwise have received.

20. Gatorz has been damaged by the infringing acts of the defendants in an amount unknown to Gatorz, but Gatorz asks leave to amend the amount of damages herein as soon as it has ascertained it.

## SECOND CLAIM FOR RELIEF
**(Copyright Infringement Against All Defendants)**

21. Gatorz realleges Paragraphs 1 through 20.

22. In or before 1995, Gatorz designed and created a distinctive style of sunglass frames made from aluminum, titanium and other metals to bend into a predetermined shape from flat stock. Various distinctive shapes and styles of such sunglasses have been designed by Gatorz since that time. The distinctive style and designs of Gatorz's sunglasses are wholly original, and are copyrightable subject matter.

23. On March 3, 2004, Gatorz registered the "Radiator" Decorative Eyeglass Frame and Lenses with the Register of Copyrights. A true and accurate copy of the Application for Registration is attached as Exhibit B to this Complaint, and incorporated by this reference. A Certificate of Registration has not yet been issued.

24. On March 22, 2004, Gatorz registered the "Billet" Decorative Eyeglass Frame and Lenses with the Register of Copyrights. A true and accurate copy of the Application for Registration is attached as Exhibit C to this Complaint, and incorporated by this reference. A Certificate of Registration has not yet been issued.

25. Gatorz is informed and believes that defendants have knowingly and willfully committed various and separate acts of copyright infringement including, but not limited to, the following:

a. Directly copying Gatorz's designs and incorporating such designs in "knock off" products for sale throughout the United States and specifically within this jurisdiction; and

b. Releasing infringing product into the stream of commerce.

26. Unless enjoined and restrained, defendants' conduct threatens to further infringe Gatorz's copyright interests.

27. At no time has Gatorz authorized defendants to reproduce, adapt or distribute sunglasses which infringe upon Gatorz's copyrights.

28. Gatorz is informed and believes that defendants have been manufacturing, reproducing, distributing, promoting and offering for sale illegal and unauthorized copies of Gatorz's products.

29. By their actions alleged above, defendants have infringed and will continue to infringe Gatorz's copyright in and relating to its sunglass designs by producing, distributing, and placing upon the market products which are direct copies of Gatorz's copyrighted sunglass designs.

30. Gatorz is entitled to an injunction restraining defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts in violation of the copyright laws.

31. Gatorz is further entitled to recover from defendants the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained by defendants as a result of defendants' acts of infringement as alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Gatorz but are believed to be in excess of $1,000,000.

## THIRD CLAIM FOR RELIEF
**(Common-Law Unfair Competition by Infringement Against All Defendants)**
**15 USC § 1125(a)**

32. Gatorz realleges Paragraphs 1 through 31.

33. Gatorz's billet-style, metal-framed sunglasses have aesthetic features which make them distinctive and distinguish them from all other sunglasses which are available for sale within the U.S.

////

////

////

34. Since before 1995, Gatorz has invested significant sums in advertising and marketing of its billet-style, metal-framed sunglasses. Gatorz has sold significant quantities of its sunglasses since they were first introduced in the marketplace, and enjoys wide market circulation and popularity of its distinctive sunglasses.

35. As a result Gatorz's sales and advertising efforts of its billet-style, metal-framed sunglasses, the distinctive attributes of Gatorz's designs have acquired secondary meaning (*i.e.*, a mental association by a substantial segment of consumers and potential consumers between Gatorz's distinct designs and Gatorz as the single source for the product). These distinct attributes are, therefore, trade dress owned by Gatorz.

36. Defendants have and continue to infringe upon Gatorz's trade dress by manufacturing, marketing and selling billet-style, metal-framed sunglasses throughout the U.S. and specifically within this judicial district which look confusingly similar to those marketed and sold by Gatorz.

37. The foregoing acts of trade dress infringement and unfair competition by defendants have been committed with the intent to cause confusion and mistake, and to deceive the public and consumers of sunglasses into believing that defendants' billet-style, metal-framed sunglasses are actually those of Gatorz or are in some other manner affiliated with, connected to or associated with Gatorz's billet-style, metal-framed sunglasses.

38. Consumers and the general public are, or are likely to be, confused, mistaken and deceived as to the origin of defendants' billet-style, metal-framed sunglasses, and the lack of actual affiliation, connection or association of defendants' billet-style, metal-framed sunglasses with those of Gatorz.

39. Gatorz is informed and believes, and on that basis alleges, that as a direct and proximate result of defendants' wrongful advertising and sale of billet-style, metal-framed sunglasses that are substantially indistinguishable from those of Gatorz as described above, defendants have derived profits in an unknown amount to be proven at trial.

40. As a further result of defendants' infringement of Gatorz's trade dress, Gatorz has sustained damages in an amount to be proven at trial but which is believed to be in excess of $1,000,000.

**FOURTH CLAIM FOR RELIEF**
**(Intentional Interference With Prospective Economic Advantage Against All Defendants)**

41. Gatorz realleges Paragraphs 1 through 40.

42. In approximately August 2003, and after substantial effort and monetary investment by Gatorz, Gatorz entered into direct negotiations with representatives of Orange County Cycles ("OCC") to enter into a license agreement with OCC pursuant to which Gatorz would be the exclusive licensee of OCC's trademark and insignia for use on metal-frame sunglasses ("OCC glasses").

43. In their role as Gatorz's only manufacturer, defendants were aware of the license agreement and Gatorz's ongoing efforts to continue to service OCC's needs under that license agreement. Defendants' knowledge of such details was by means of contacts which were only known to defendants by reason of the manufacturing relationship which defendants had with Gatorz.

44. Defendants thwarted Gatorz's efforts to fulfill their obligations to OCC by intentionally delaying production and delivery of the OCC glasses which Gatorz had hired defendants to manufacture in furtherance of a license agreement between OCC and Gatorz. In so doing, defendants intended to raise concerns by OCC as to whether Gatorz could reliably meet the quantity and delivery needs which OCC anticipated for Gatorz's products.

45. Defendants, knowing of the license agreement between OCC and Gatorz, further intentionally interfered to force OCC to terminate the license agreement by informing OCC that it could manufacture and deliver similar or identical products directly and at a lower cost to OCC, and that it could provide more reliable fulfillment of OCC's delivery needs than could Gatorz.

46. In furtherance of the license agreement between Gatorz and OCC, Gatorz had invested significant sums to expand production capacity of the OCC sunglasses and to market the OCC sunglasses. Gatorz anticipated it would derive significant profits from such an association with OCC.

////

47. This interference was designed to force OCC to terminate its license agreement with Gatorz and, instead, enter into such a license agreement with defendants. Furthermore, defendants secured for themselves an exclusive license relationship with OCC to sell products which infringe upon Gatorz's copyright, patent and trade dress rights.

48. As a result of defendants' intentional acts, the business relationship between Gatorz and OCC was disrupted in that OCC has informed Gatorz that it wishes to terminate its license agreement with Gatorz. Furthermore, Gatorz is informed and believes that defendants have entered into a long-term license agreement with OCC to provide sunglasses which are identical to or substantially similar to those which Gatorz had been supplying to OCC prior to defendants' unlawful interference.

49. Defendants' interference with the existing license and prospective business relationship between Gatorz and OCC has resulted in damage to Gatorz in an amount which is not fully known at this time, but believed to be in excess of $1,000,000.00.

50. Defendants' conduct was willful, wanton, malicious, and with reckless disregard for Gatorz's rights so as to justify an award of exemplary and punitive damages.

## FIFTH CLAIM FOR RELIEF

**(Intentional Interference With Prospective Economic Advantage Against All Defendants)**

51. Gatorz realleges Paragraphs 1 through 50.

52. In early 2004, Gatorz invested substantial effort and monetary outlay pursuing negotiations with a potential client named Roger Borget ("Borget") to enter into a license agreement with Borget pursuant to which Gatorz would be the exclusive licensee of Borget's trademark and insignia for use on metal-frame sunglasses ("Borget glasses").

53. In their role as Gatorz's only manufacturer, defendants were hired by Gatorz to manufacture various samples of billet-style, metal-framed sunglasses to present to Borget for approval and to entice Borget to enter into the license agreement sought by Gatorz. As such, defendants were aware of Gatorz's attempts to enter into the license agreement with Borget and Gatorz's ongoing negotiations with Borget for that purpose. Defendants' knowledge of such

details was by means of contacts which were only known to defendants by reason of the manufacturing relationship which defendants had with Gatorz.

54. Defendants thwarted Gatorz's efforts to enter into a license agreement with Borget by interceding and making direct contact with Borget to try to persuade him to enter into such a license agreement with defendants rather than with Gatorz. Defendants, knowing of the negotiations for a license agreement between Borget and Gatorz, further intentionally interfered to dissuade Borget from entering into such a license agreement with Gatorz by informing Borget that it could manufacture and deliver similar or identical products directly and at a lower cost to Borget than could Gatorz.

55. Prior to the cessation of negotiations between Gatorz and Borget, Gatorz had invested significant sums attempting to secure a license agreement with Borget. Gatorz anticipated it would derive significant profits from such an association with Borget.

56. This interference was designed to dissuade Borget from entering into a license agreement with Gatorz and, instead, enter into such a license agreement with defendants. Furthermore, defendants secured for themselves an exclusive license relationship with Borget to sell products which infringe upon Gatorz's copyright, patent and trade dress rights.

57. As a result of defendants' intentional acts, the business relationship between Gatorz and Borget was disrupted in that Gatorz is informed and believes that defendants have entered into a license agreement with Borget to provide sunglasses which are identical to or substantially similar to those which Gatorz offered to supply to Borget prior to defendants' unlawful interference.

58. Defendants' interference with the prospective business relationship between Gatorz and Borget has resulted in damage to Gatorz in an amount which is not fully known at this time, but believed to be in excess of $1,000,000.00.

59. Defendants' conduct was willful, wanton, malicious, and with reckless disregard for Gatorz's rights so as to justify an award of exemplary and punitive damages.

////

////

**SIXTH CLAIM FOR RELIEF**
**(Breach of Trade Secret Agreement Against All Defendants)**

60. Gatorz realleges Paragraphs 1 through 59.

61. In or before 1995 when Gatorz first hired defendants or their predecessors to manufacture Gatorz's billet-style, metal-framed sunglasses, Gatorz required defendants to execute a written agreement preventing and precluding defendants (and their predecessors in interest) from disclosing any trade secrets acquired as a result of the business relationship between Gatorz and those defendants ("the Trade Secret Agreement"). Pursuant to the terms of the Trade Secret Agreement, defendants were prohibited from ever disclosing or using for their own benefit Gatorz's proprietary manufacturing and assembly techniques used to create Gatorz's billet-style, metal-framed sunglasses.

62. Furthermore, the Trade Secret Agreement prohibited defendants from utilizing or disclosing to others, or using for their own benefit, the names of Gatorz's customers and potential customers.

63. Gatorz derives actual and potential independent economic value from the foregoing information not being generally known to the public or to other persons who can obtain economic value from its disclosure or use. Furthermore, Gatorz took reasonable efforts to maintain its secrecy.

64. Defendants have breached the Trade Secret Agreement by, among other things, employing the proprietary manufacturing and assembly techniques obtained from Gatorz to manufacture "knockoff" sunglasses for sale directly by them and through other means of distribution. Defendants have also breached the Trade Secret Agreement by interfering with Gatorz's customer relationships with OCC and Borget as alleged in Paragraphs 42-45 and 55-57, respectively.

65. As a direct and proximate result of defendants' breach of the Trade Secret Agreement, Gatorz has been damaged in an amount to be proven at trial.

////

////

**SEVENTH CLAIM FOR RELIEF**
**(Misappropriation of Trade Secrets Against All Defendants)**
**California Civil Code §§ 3426, *et seq.***

66. Gatorz realleges Paragraphs 1 through 40.

67. In or before 1995, Gatorz disclosed to defendants (and their predecessors-in-interest) Gatorz's proprietary manufacturing and assembly techniques used to create Gatorz's billet-style, metal-framed sunglasses so that defendants (and their predecessors-in-interest) could manufacture such sunglasses for Gatorz. Defendants were also provided names of clients and potential clients from time to time in order that defendants could manufacture special orders for such customers.

68. Gatorz derives actual and potential independent economic value from the foregoing information not being generally known to the public or to other persons who can obtain economic value from its disclosure or use. Furthermore, Gatorz took reasonable efforts to maintain its secrecy.

69. At all time defendants knew or should have known that Gatorz's proprietary manufacturing and assembly techniques and the identities of Gatorz's customers were trade secrets.

70. Defendants acquired the foregoing trade secrets under circumstances giving rise to a duty to maintain its secrecy or limit its use and/or they were derived from or through a person who owed a duty to Gatorz to maintain its secrecy or limit its use.

71. Defendants misappropriated Gatorz's trade secrets by, among other things, employing the proprietary manufacturing and assembly techniques obtained from Gatorz to manufacture "knockoff" sunglasses for sale directly by them and through other means of distribution; and by interfering with Gatorz's customer relationships with OCC and Borget as alleged in Paragraphs 42-45 and 55-57, respectively.

72. As a direct and proximate result of defendants' misappropriation of Gatorz's trade secrets, Gatorz has been damaged in an amount to be proven at trial.

////

73. Defendants' conduct was willful, wanton, malicious, and with reckless disregard for Gatorz's rights so as to justify an award of exemplary and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Gatorz prays that judgment be entered as follows:

*On the First Claim for Relief:*

1. That the court find that defendants have infringed United States Patent No. 5,583,583;
2. For an award against defendants for the damages suffered by a Gatorz as a result of defendants' acts of infringement including prejudgment interest thereon;
3. An order enjoining defendants and their agents, servants, employees and attorneys and all other persons acting in concert or in participation that defendants from infringing Gatorz's United States Patent No. 5,583,583;
4. An injunction restraining defendants from infringing United States Patent No. 5,583,583.

*On the Second Claim for Relief:*

1. That the court find that defendants have infringed Gatorz's copyrights in its sunglass designs;
2. That the court find a substantial likelihood that defendants will continue to infringe Gatorz's copyrights unless enjoined from doing so;
3. That defendants', their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Gatorz's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from Gatorz's copyrighted sunglasses or to participate or assist in any such activity;
4. That defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to recall from all distributors, wholesalers, retailers, and all others known to defendants, any originals, copies, facsimiles, or duplicates of any works shown by the evidence to infringe any copyright in Gatorz's sunglasses;

5. That defendants be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any works shown by the evidence to infringe any copyright in Gatorz's sunglasses;
6. That defendants be required to file with the court and to serve on Gatorz, within 30 days after service of the court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the court's order;
7. That judgment be entered for Gatorz and against defendants for Gatorz's actual damages according to proof, and for any profits attributable to infringements of Gatorz's copyrights according to proof at trial;
8. That judgment be entered for Gatorz and against defendants for statutory damages based upon defendants' acts of infringement, pursuant to 17 USC §§ 101 et seq.;
9. That defendants be required to account for all gains, profits and advantages derived from their acts of infringement and for their other violations of law;

*On the Fourth, Fifth and Seventh Claims for Relief:*

1. For punitive damages;

*On All Claims for Relief:*

1. For damages in an amount to be ascertained at trial;
2. For reasonable attorneys' fees according to proof at trial;
3. For costs of suit; and
4. For such further relief as the court deems just

Dated: April 13, 2004

STEINS & ASSOCIATES

KARL M. STEINS
Attorneys For Plaintiff Reno Wilson, Inc.

DEMAND FOR JURY TRIAL

Reno Wilson, Inc., hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: April 13, 2004

STEINS & ASSOCIATES

For

KARL M. STEINS
Attorneys For Plaintiff Reno Wilson, Inc.

AO 120 (3/85)

| TO: Commissioner of Patents and Trademarks Washington, D.C. 20231 | **REPORT ON THE FILING OR DETERMINATION OF AN ACTION REGARDING A PATENT** |
|---|---|

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT |
|---|---|---|
| 04CV760LAB(BLM) | 04/13/04 | United States District Court, Southern District of California |
| PLAINTIFF | | DEFENDANT |
| Reno Wilson | | PR Optics et al |
| **PATENT NO.** | **DATE OF PATENT** | **PATENTEE** |
| 1 See Included Complaint | See Included Complaint | See Included Complaint |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY ☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading | |
|---|---|---|
| **PATENT NO.** | **DATE OF PATENT** | **PATENTEE** |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT | | |
|---|---|---|
| | | |
| CLERK | (BY) DEPUTY CLERK | DATE |

Copy 1 - Upon initiation of action, mail this copy to Commissioner Copy 3 - Upon termination of action, mail this copy to Commissioner

Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner Copy 4 - Case file copy

UNITED ST●S DISTRICT COURT, CENTRAL DISTRIC●F CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
RENO WILSON, INC., dba GATORZ

**DEFENDANTS**
PR OPTICS, LLC, et al.

FILED

(b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
San Diego, California

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Burlington County, New Jersey

04 APR 13 PM 3:56

(c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Karl Steins, SBN 179418
STEINS & ASSOCIATES
2333 Camino Del Rio South, Suite 120
San Diego, California 92108
Telephone (619) 692-2003

Attorneys (If Known)

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'04 CV 0 0 7 6 0 LAB (BLM)

DEPUTY

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** **JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT: $** 1,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Patent infringement (35 USC §§ 271 and 281) - Defendants have infringed on plaintiff's patent.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☒ 830 Patent |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 895 Freedom of Information Act | ☐ 220 Foreclosure | | | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 865 RSI (405(g)) |
| ☐ 890 Other Statutory Actions | ☐ 245 Tort Product Liability | | | | FEDERAL TAX SUITS |
| | ☐ 290 All Other Real Property | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: ______



#102794 150 — MS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): ______________________________

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Appear to arise from the same or substantially identical transactions, happenings, or events;
☐ B. Involve the same or substantially the same parties or property;
☐ C. Involve the same patent, trademark or copyright;
☐ D. Call for determination of the same or substantially identical questions of law, or
☐ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

RENO WILSON, INC. - San Diego County, California

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

PR Optics, LLC - Burlington County, New Jersey
Maxam Eyewear - Burlington County, New Jersey
Paul D. DiFiore - Burlington County, New Jersey
Russell Lacasse - Worcester County, New Jersey

**List the California County**, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.

Each of the claims arose in San Diego County, California

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** ______________________ **Date** 4/13/04 23

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| **Nature of Suit Code** | **Abbreviation** | **Substantive Statement of Cause of Action** |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |