USDC SCAN INDEX SHEET

CGL 6/7/04 11:37

3:04-CV-00760 RENO WILSON INC V. PR OPTICS

*13*

*ANS/CNT.*

FILED
JUN - 1 2004
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

Nicole A. Pisano, State Bar No. 151282
Adel A. ali, State Bar No. 204797
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Del Mar Gateway, 11988 El Camino Real, Suite 200
San Diego, California 92130-2594
Telephone No.: 858.720.6300
Fax No.: 858.720.6306

Attorneys for Defendant/Counter-Claimant PR OPTICS, LLC, d/b/a MAXAM EYEWEAR, and Defendants PAUL D. DIFIORE and RUSSELL J. LACASSE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO WILSON, INC., d/b/a , GATORZ, a California Corporation,<br><br>Plaintiff,<br>v.<br><br>PR OPTICS, LLC, d/b/a MAXAM EYEWEAR, a New Jersey Limited Liability Corporation, PAUL D. DIFIORE, an individual, RUSSELL J. LACASSE, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 04 CV 00760LAB (BLM)<br><br>**ANSWER AND COUNTERCLAIMS OF DEFENDANT/COUNTERCLAIMANT PR OPTICS, LLC, d/b/a MAXAM EYEWEAR**<br><br>DEMAND FOR JURY TRIAL<br><br>Complaint Filed: April 13, 2004 |
| PR OPTICS, LLC, d/b/a MAXAM EYEWEAR, a New Jersey Limitd Liability Corporation,<br><br>Counterclaimant,<br>v.<br><br>RENO WILSON, INC., d/b/a , GATORZ, a California Corporation,<br><br>Counterdefendant. | |

Defendant/Counterclaimant PR Optics, LLC, d/b/a Maxam Eyewear (hereinafter "Maxam") hereby responds to the Complaint of Reno Wilson, Inc., d/b/a Gatorz (hereinafter "Gatorz") by filing this Answer and Counterclaims, and by moving the Court to dismiss (1) the second claim of the Complaint for lack of subject matter jurisdiction,[1] and (2) the sixth claim of

[1] In view of its simultaneously filed motion to dismiss Gatorz's second claim for relief, Maxam does not assert any counterclaims concerning Gatorz's alleged copyrights. Maxam, however, reserves the right to amend its Answer and bring counterclaims for declaratory judgments that (1) its products do not infringe the alleged copyrights for the "Billet" and "Radiator" eyeglass frames and lenses under 17 U.S.C. § 501; and (2) the "Billet" and "Radiator" eyeglass frames and lenses do not constitute copyrightable subject matter under 17 U.S.C. §§ 102 and 103.



Jun-02-04 03:18pm From-LUCE FORWARD HAMILTON SCRIPPS LLP 858 720 6306 T-118 P.002/004 F-099
13
Received at: 4:28PM, 6/2/2004

the Complaint for failure to state a claim upon which relief can be granted. Defendants Paul D. DiFiore ("DiFiore"), and Russell J. Lacasse ("Lacasse") respond to the Complaint by specially appearing for the sole purpose of moving the Court to dismiss the Complaint as to them for lack of personal jurisdiction. Maxam's, DiFiore's and Lacasse's motions to dismiss are consolidated and concurrently filed herewith.

In its Answer, Maxam does not deny or admit any of Gatorz's allegations as to DiFiore or Lacasse. DiFiore and Lacasse do not appear before this Court and in this jurisdiction by virtue of Maxam's Answer and Counterclaims.

The following paragraphs of the Answer correspond to like-numbered paragraphs of the Complaint:

## JURISDICTION AND VENUE

1. Maxam admits that the Complaint purports to state a claim for patent infringement arising under the Patent Laws of the United States and a claim for unfair trade practices arising under the Lanham Act. Maxam denies that Gatorz has stated a claim for copyright infringement arising under the Copyright Act of 1976 and denies that subject matter jurisdiction is conferred on the Court for the alleged copyright infringement. Maxam denies that diversity jurisdiction is conferred on this Court under 28 U.S.C. § 1332 because the matter in controversy does not exceed the statutorily required sum or value of $75,000.00. Maxam otherwise denies the remaining averments of paragraph 1. DiFiore and Lacasse have specially appeared to contest this Court's personal jurisdiction over them and have filed a motion concurrently herewith to dismiss this Complaint as to them for lack of personal jurisdiction.

2. Maxam admits that venue is proper for Maxam in the Southern District of California and otherwise denies the remaining averments of paragraph 2.

## THE PARTIES

3. Based on information and belief, Maxam admits that Gatorz is a California corporation doing business in California and elsewhere as Gatorz. Maxam has insufficient information upon which to form a belief as to Gatorz's principal place of business, and therefore denies the remaining averments of paragraph 3.

4. Maxam admits the averments of paragraph 4.

5. Maxam admits the averments of paragraph 5.

6. Maxam admits that DiFiore is an individual and a resident of the State of New Jersey. Maxam admits that DiFiore is a founder and officer of PR Optics, LLC, and otherwise denies the averments of paragraph 6.

7. Maxam admits that Lacasse is an individual and a resident of the State of Massachusetts. Maxam admits that Lacasse is a founder and officer of PR Optics, LLC, and otherwise denies the averments of paragraph 7.

8. Maxam admits that it has and continues to conduct business in California through its authorized officers DiFiore and Lacasse, and otherwise denies the averments of paragraph 8.

9. Maxam has insufficient information upon which to form a belief regarding the averments of paragraph 9 and therefore denies the averments of paragraph 9.

10. Maxam has insufficient information upon which to form a belief regarding the averments of paragraph 10 and therefore denies the averments of paragraph 10.

## GENERAL ALLEGATIONS

11. Upon belief and information, Maxam admits that Gatorz is engaged in the business of distributing and marketing sunglasses, and otherwise has insufficient information to form a belief regarding the remaining averments of paragraph 11 and therefore denies the remaining averments of paragraph 11.

12. Maxam has insufficient information to form a belief regarding the averments of paragraph 12 and therefore denies the averments of paragraph 12.

13. Maxam admits that an application for United States Letters Patent serial number 564,489 was filed, and that on December 10, 1996 the United States Patent and Trademark Office issued U.S. Patent No. 5,583,583 ("the '583 patent") identifying Ken Wilson as the named inventor and that a copy of that patent is attached to the Complaint as Exhibit A. Maxam has insufficient information to form a belief as to whether Gatorz is the owner by assignment of the '583 patent, and therefore denies that averment. Maxam denies that the '583 was dully and legally issued, and denies the remaining averments of paragraph 13.

14. Maxam denies the averments of paragraph 14.

15. Maxam denies the averments of paragraph 15.

**FIRST CLAIM FOR RELIEF**
**(Alleged Patent Infringement)**

16. Maxam re-avers and incorporates by reference paragraphs 1-15 herein.

17. Maxam admits that it has been made aware of '583 patent, and otherwise has insufficient information to form a belief regarding the remaining averments of paragraph 17 and therefore denies the remaining averments of paragraph 17.

18. Maxam denies the averments of paragraph 18.

19. Maxam denies the averments of paragraph 19.

20. Maxam denies the averments of paragraph 20.

**SECOND CLAIM FOR RELIEF**

**(Alleged Copyright Infringement)**

21. Maxam re-avers and incorporates by reference paragraphs 1-20 herein.

22. Maxam denies that Gatorz's sunglasses contain copyrightable subject matter, and has insufficient information to form a belief regarding the remaining averments of paragraph 22 and therefore denies the averments of paragraph 22.

23. Maxam admits that attached as Exhibit B to the Complaint is a document purporting to be an application for copyright registration for "'Radiator' Decorative Eyeglass Frame and Lenses." Upon information and belief, Maxam admits that no Certificate of Registration has yet been issued, and otherwise denies the remaining averments of paragraph 23. Maxam has concurrently filed a motion herewith to dismiss Gatorz's second claim for lack of subject matter jurisdiction.

24. Maxam admits that attached as Exhibit C to the Complaint is a document purporting to be an application for copyright registration for "'Billet' Decorative Eyeglass Frame and Lenses." Upon information and belief, Maxam admits that no Certificate of Registration has yet been issued, and otherwise denies the remaining averments of paragraph 24. Maxam has concurrently filed a motion herewith to dismiss Gatorz's second claim for lack of subject matter

jurisdiction.

25. Maxam denies the averments of paragraph 25.

26. Maxam denies the averments of paragraph 26.

27. Maxam denies the averments of paragraph 27.

28. Maxam denies the averments of paragraph 28.

29. Maxam denies the averments of paragraph 29.

30. Maxam denies the averments of paragraph 30.

31. Maxam denies the averments of paragraph 31.

## THIRD CLAIM FOR RELIEF
## (Alleged Common-Law Unfair Competition)

32. Maxam re-avers and incorporates by reference paragraphs 1-31 herein.

33. Maxam has insufficient information to form a belief regarding the averments of paragraph 33 and therefore denies the averments of paragraph 33.

34. Maxam has insufficient information to form a belief regarding the averments of paragraph 34 and therefore denies the averments of paragraph 34.

35. Maxam denies the averments of paragraph 35.

36. Maxam denies the averments of paragraph 36.

37. Maxam denies the averments of paragraph 37.

38. Maxam denies the averments of paragraph 38.

39. Maxam denies the averments of paragraph 39.

40. Maxam denies the averments of paragraph 40.

## FOURTH CLAIM FOR RELIEF
## (Alleged Intentional Interference with Prospective Economic Advantage)

41. Maxam re-avers and incorporates by reference paragraphs 1-40 herein.

42. Maxam admits that it was aware that Orange County Cycles ("OCC") and Gatorz had an oral license agreement and that Maxam manufactured metal-frame sunglasses bearing the OCC trademark and insignia, and otherwise has insufficient information to form a belief regarding the remaining averments of paragraph 42 and therefore denies the remaining averments of

paragraph 42.

43. Maxam admits that it was aware that OCC and Gatorz had an oral license agreement because on three separate occasions OCC contacted Maxam to have Maxam purchase a license from OCC, and that OCC informed Maxam in the course of these contacts about Gatorz's oral license. Maxam otherwise has insufficient information to form a belief regarding the remaining averments of paragraph 43 and therefore denies the remaining averments of paragraph 43.

44. Maxam denies the averments of paragraph 44.

45. Maxam denies the averments of paragraph 45.

46. Maxam has insufficient information to form a belief regarding the averments of paragraph 46 and therefore denies the averments of paragraph 46.

47. Maxam denies the averments of paragraph 44.

48. Maxam admits that Maxam and OCC have entered into a business relationship, and otherwise denies the remaining averments of paragraph 48.

49. Maxam denies the averments of paragraph 49.

50. Maxam denies the averments of paragraph 50.

## <u>FIFTH CLAIM FOR RELIEF</u>
## (Alleged Intentional Interference with Prospective Economic Advantage)

51. Maxam re-avers and incorporates by reference paragraphs 1-50 herein.

52. Maxam has insufficient information to form a belief regarding the averments of paragraph 52 and therefore denies the averments of paragraph 52.

53. Maxam admits that Gatorz ordered samples of eyeglass frames with labels of many different companies from Maxam, including the label "BBW". Maxam did not know what company the "BBW" label belonged to until Roger Borget ("Borget") contacted Maxam regarding Maxam's own frames. Maxam denies that it was Gatorz's only manufacturer in early 2004 and otherwise denies the remaining averments of paragraph 53.

54. Maxam denies the averments of paragraph 54.

55. Maxam has insufficient information to form a belief regarding the averments of

paragraph 55 and therefore denies the averments of paragraph 55.

56. Maxam denies the averments of paragraph 56.

57. Maxam denies the averments of paragraph 57.

58. Maxam denies the averments of paragraph 58.

59. Maxam denies the averments of paragraph 59.

## SIXTH CLAIM FOR RELIEF
**(Alleged Breach of Trade Secret Agreement)**

60. Maxam re-avers and incorporates by reference paragraphs 1-59 herein.

61. Maxam admits that it had been hired by Gatorz to manufacture certain sunglasses, and otherwise denies the remaining averments of paragraph 61.

62. Maxam denies the averments of paragraph 62.

63. Maxam has insufficient information to form a belief regarding what efforts, if any, Gatorz took to maintain the secrecy of what it believed to be its proprietary rights, and otherwise denies the averments of paragraph 63.

64. Maxam denies the averments of paragraph 64.

65. Maxam denies the averments of paragraph 65.

## SEVENTH CLAIM FOR RELIEF
**(Alleged Misappropriation of Trade Secrets)**

66. Maxam re-avers and incorporates by reference paragraphs 1-65 herein.

67. Maxam admits that it has manufactured glasses on behalf of Gatorz, and otherwise denies the averments of paragraph 67.

68. Maxam has insufficient information to form a belief regarding what efforts, if any, Gatorz took to maintain the secrecy of what it believed to be its proprietary rights, and otherwise denies the averments of paragraph 68.

69. Maxam denies the averments of paragraph 69.

70. Maxam denies the averments of paragraph 70.

71. Maxam denies the averments of paragraph 71.

72. Maxam denies the averments of paragraph 72.

73. Maxam denies the averments of paragraph 73.

## AFFIRMATIVE DEFENSES

**(Jurisdiction)**

74. Maxam avers that pursuant to 17 U.S.C. § 411(a), the Copyright Act of 1976, this Court lacks subject matter jurisdiction over Gatorz's purported claim of alleged copyright infringement. Accordingly, Maxam has concurrently filed a motion herewith to dismiss Gatorz's claim of copyright infringement on that basis.

75. Maxam avers that this Court lacks jurisdiction over it under 28 U.S.C. § 1332 based on diversity because the matter in controversy does not exceed the statutorily required sum or value of $75,000.00.

**(Patent Non-infringement and Invalidity)**

76. Maxam avers that it has not infringed and does not infringe any claims of the '583 patent.

77. Maxam avers that each and every claim of the '583 is invalid, having been issued in violation of the provisions of the patent statute, 35 U.S.C. §§ 102, 103 and 112.

78. Maxam avers that Gatorz is estopped to assert infringement of the '583 patent by Maxam because of amendments and arguments made by the patentee of the '583 patent during the prosecution of the applications for the '583 patent in the United States Patent and Trademark Office.

79. Maxam avers that Gatorz is equitably estopped to assert infringement of the '583 patent by Maxam because for several years it has had full knowledge of the very products it now alleges infringe the '583 patent, has advertised the allegedly infringing products in its own product catalogue without patent marking, has encouraged Maxam to invest resources in designing, planning and manufacturing the allegedly infringing products, has ordered and purchased those products under its own private label, has encouraged Maxam to increase its production of the very same products, and has never complained about any alleged infringement to Maxam.

**(Copyright Non-infringement)**

80. Maxam avers that pursuant to 17 U.S.C. § 411(a) this Court lacks subject matter jurisdiction over Gatorz's copyright claim, and that Gatorz is not entitled to institute an action for the alleged infringement of the "Billet" and/or "Radiator" works because Certificates of Registration have not been issued for those works.

81. Maxam avers that it has not and does not infringe any copyrights for any works owned by Gatorz.

82. Maxam avers that the "Billet" and/or "Radiator" works do not constitute copyrightable subject matter.

83. Maxam avers that Gatorz is equitably estopped to assert copyright infringement of its "Billet" and "Radiator" eyeglasses and frames because for several years it has had full knowledge of the very products it now alleges of copyright infringement, has advertised the allegedly infringing products in its own product catalogue, has encouraged Maxam to invest resources in designing, planning and manufacturing the allegedly infringing products, has ordered and purchased those products under its own private label, has encouraged Maxam to increase production of the very same products, and has never complained about any alleged copyright infringement to Maxam.

**(Lanham Act)**

84. Maxam avers that its goods and services do not contain any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, and do not cause confusion, mistake, or deception as to origin, affiliation or source of those goods. Maxam avers that its business conduct has not been in the past and is not now unfairly competitive under common law or the Lanham Act.

85. Maxam avers that pursuant to 15 U.S.C. § 1125(a)(3) Gatorz is not entitled to protection under the Lanham Act because it has not acquired and will not be able to acquire any trade dress under the Lanham Act for its eyeglasses and frames.

86. Maxam avers that Gatorz is equitably estopped to assert a claim of unfair competition under common law or the Lanham Act because for several years it has had full

knowledge of every product made by Maxam, has advertised those products in its own catalogue, has encouraged Maxam to invest resources in designing, planning and manufacturing those products, has ordered and purchased the same under its own private label, has encouraged Maxam to increase its production of the very same products, and has never complained about any alleged violation of Gatorz's trade dress or unfairly competitive practices.

**(No Intentional Interference With Gatorz's Alleged Prospective Economic Advantages)**

87. Maxam avers that it has not in the past, and does not now, intentionally interfere with Gatorz's alleged prospective economic advantage.

88. Maxam avers that it has consistently and continuously engaged in lawful and fair business practices.

**(No Breach of Alleged Trade Secret Agreement)**

89. Maxam avers that Gatorz has failed to state a claim for breach of an alleged trade secret agreement between Gatorz and Model Tech, Inc. because Maxam is not a party to that agreement. Maxam further avers that the agreement between Gatorz and Model Tech, which is the subject of Gatorz's claim, has expired. Accordingly, Maxam has concurrently filed a motion herewith to dismiss Gatorz's claim on the same basis.

**(No Misappropriation of Gatorz's Alleged Trade Secrets)**

90. Maxam avers that Gatorz does not own any trade secrets in the assembly and manufacturing techniques of the billet-style, metal-framed sunglasses because any such techniques has been disclosed to the public in the '583 patent.

91. Maxam avers that it and its employees have never received, directly or indirectly, any alleged trade secrets of Gatorz. Maxam's manufacturing process has been designed and developed by its own employees, independently of Gatorz's alleged trade secrets. Maxam knows of only one manufacturing process allegedly developed at Gatorz, and that manufacturing process is disclosed in the '583 patent.

//

//

## MAXAM'S COUNTERCLAIMS

Maxam, for its counterclaim against Gatorz, alleges:

1. Maxam is a corporation organized and existing under the laws of the State of New Jersey, with places of business in Mt. Laurel, New Jersey, and Webster, Massachusetts.

2. Upon information and belief, Gatorz is a corporation organized and existing under the laws of the State of California with a place of business in Poway, California.

3. Jurisdiction over the subject matter of this counterclaim exists under 28 U.S.C. §§ 1331, 1338 and 1367(a). This counterclaim is also filed pursuant to Rule 13, Federal Rules of Civil Procedure.

4. Venue is proper in this district under 28 U.S.C. §§ 1391 (b).

## FIRST COUNTERCLAIM
**(For Declaratory Judgment That The '583 Patent Is Not Infringed)**

5. Maxam re-avers and incorporates by reference paragraphs 1-4 of the Counterclaims herein.

6. An actual controversy exists between Maxam and Gatorz as to whether Maxam's products infringe the '583 patent by virtue of the Complaint herein.

7. Maxam has not in the past, and does not now infringe the '583 patent.

8. Maxam is entitled to a declaratory judgment that its products do not infringe the '583 patent under 35 U.S.C. § 271.

## SECOND COUNTERCLAIM
**(For Declaratory Judgment That The '583 Patent Is Invalid)**

9. Maxam re-avers and incorporates by reference paragraphs 1-4 of its Counterclaims herein.

10. An actual controversy exists between Maxam and Gatorz as to the validity of the '583 patent by virtue of the Complaint herein.

11. The '583 patent is invalid, having been issued in violation of the provisions of the patent statute, Title 35 of the United States Code, Sections 102, 103 and 112.

//

12. Maxam is entitled to a declaratory judgment that the '583 patent is invalid.

**THIRD COUNTERCLAIM**
**(For Declaratory Judgment That The Alleged Copyrights For The "Billet" And "Radiator" Eyeglass Frames And Lenses Are Not Infringed)**

13. Maxam re-avers and incorporates by reference paragraphs 1-4 of its Counterclaims herein.

14. Maxam has concurrently filed a motion herewith to dismiss Gatorz's second claim for lack of subject matter jurisdiction.

15. An actual controversy exists between Maxam and Gatorz as to whether Maxam's products infringe the alleged copyrights for the "Billet" and "Radiator" eyeglass frames and lenses.

16. Maxam has not in the past, and does not now infringe the alleged copyrights for the "Billet" and "Radiator" eyeglass frames and lenses.

17. Maxam is entitled to a declaratory judgment that its products do not infringe the alleged copyrights for the "Billet" and "Radiator" eyeglass frames and lenses under 17 U.S.C. § 501.

**FOURTH COUNTERCLAIM**
**(For Declaratory Judgment That The Gatorz Has Breached Its Purchase Agreements With Maxam)**

18. Maxam re-avers and incorporates by reference paragraphs 1-4 of its Counterclaims herein.

19. Maxam designs and manufactures eyeglass frames for Gatorz, which, until the filing of this Complaint, was Maxam's biggest customer. Gatorz purchased fully assembled eyeglasses specifically designed for Gatorz, and also purchased fully assembled Maxam eyeglasses that were relabelled with Gatorz's labels and insignia.

20. Throughout 2003 and into early 2004, Gatorz represented to Maxam that its sales would soon increase and that its demand for Maxam's eyeglasses would increase sharply. Specifically, Gatorz informed Maxam that the latter would have to meet demand for more than 6,000 pairs of eyeglasses by June 30, 2004. Gatorz called this demand "a conservative forecast."

21. Relying on Gatorz's representations, throughout 2003 and into 2004 Maxam hired additional employees, purchased additional manufacturing equipment and otherwise prepared for Gatorz's projected increase in demand. Maxam undertook great expense and invested significant sums to increase its manufacturing capacity to fulfill Gatorz's forecast. Maxam's reliance on Gatorz's representations was justified.

22. In April 2004, Maxam received a rush order from Gatorz requesting Maxam to ship every frame that could be produced. Responsive to that request, Maxam shipped $47,000 of product to Gatorz.

23. Despite the April rush, Gatorz's "increased demand" never materialized. Instead of payment for the products it has received from Maxam, Gatorz served Maxam with the Complaint herein only days after it received shipment from Maxam.

24. Maxam has been informed and believes that Gatorz, while promising huge demand for Maxam's products and manufacturing services, has been in negotiations with another company in California to tool up and start manufacturing products for Gatorz.

25. To date Gatorz has only ordered 2,000 pairs of glasses of the forecasted 36,000 pairs of glasses from Maxam and has ordered no additional products. Gatorz has not paid Maxam for products it has already received. Consequently, Maxam has suffered irreparable damage to its business and reputation, has had to lay off employees, and otherwise has incurred great expense as a result of its reliance on Gatorz's misrepresentations.

26. By the above stated actions, Gatorz's has knowingly and wilfully breached its purchase contract with Maxam. As a result, Maxam has incurred actual damages in the amount of at least $47,000.00.

27. In addition, as a direct and proximate result of Gatorz's knowing and wilful misrepresentations, Maxam has incurred additional actual and consequential damages in an amount to be proven at trial.

//

//

//

**PRAYER FOR RELIEF**

WHEREFORE, Maxam respectfully asks this Court to enter a judgment in its favor:

A. Adjudging that Maxam has not infringed any claim of the '583 patent;

B. Permanently enjoining Gatorz, its agents, servants, employees and attorneys, and those persons in active concert or participation with Gatorz from charging Maxam or any purchaser or user of Maxam products with infringement of any claim of the '583 patent;

C. Adjudging that the '583 patent is invalid;

D. Adjudging this an exceptional case and awarding to Maxam its attorney fees pursuant to 35 U.S.C. § 285;

E. Adjudging that Maxam's goods and services do not contain any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, and do not cause confusion, mistake, or deception as to origin or affiliation, and otherwise source of those goods;

F. Adjudging that Maxam's business practices have not been in the past and are not now unfairly competitive under common law or the Lanham Act;

G. Adjudging that Maxam has not infringed Gatorz's trade dress;

H. Adjudging that Gatorz is not entitled to any trade dress protection under the Lanham Act, 15 U.S.C. § 1125(a)(3);

I. Permanently enjoining Gatorz, its agents, servants, employees and attorneys, and those persons in active concert or participation with Gatorz from continued unfair trade practices against Maxam;

J. Adjudging that Maxam has not misappropriated any alleged trade secret belonging to Gatorz;

K. Adjudging that Gatorz has not intentionally interfered with any prospective economic advantage of Gatorz;

L. Adjudging that Gatorz knowingly and willfully breached its purchase agreements with Gatorz;

//

M. Adjudging that Gatorz is liable in an amount of $47,000 in direct damages to Gatorz for its contract and an amount to be determined at trial for consequential damages for said and other breaches;

N. Adjudging that Gatorz take nothing from its Complaint; and

O. Granting such other and further relief as this Court may deem just and proper.

DATED: June 1, 2004

Respectfully submitted,

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: [signature]
Nicola A. Pisano
Attorneys for PR OPTICS, LLC, d/b/a MAXAM EYEWEAR, PAUL D. DIFIORE, and RUSSEL J. LACASSE

**JURY DEMAND**

Defendants demand trial by jury of all issues so triable.

DATED: June 1, 2004

Respectfully submitted,

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: [signature]
Nicola A. Pisano
Attorneys for PR OPTICS, LLC, d/b/a MAXAM EYEWEAR, PAUL D. DIFIORE, and RUSSEL J. LACASSE

PROOF OF SERVICE BY MAIL

I, Allisa Albalos, declare as follows:

I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is Del Mar Gateway, 11988 El Camino Real, Suite 200, San Diego, California 92130-2594. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen years, and am not a party to this action.

On June 1, 2004 I served the following:

**ANSWER AND COUNTERCLAIMS OF DEFENDANT/COUNTERCLAIMANT PR OPTICS, LLC, d/b/a MAXAM EYEWEAR**

on the below party in this action by placing a true copy thereof in an envelope, addressed as shown, for collection and mailing on the below indicated day pursuant to the ordinary business practice of this office which is that correspondence for mailing is collected and deposited with the United States Postal Service on the same day in the ordinary course of business:

Karl M. Steins, Esq.
STEINS & ASSOCIATES
2333 Camino del Rio South, Suite 120
San Diego, California 92108

And

Thomas F. DiPaolo, Esq.
DIPAOLO & ASSOCIATES APC
9280 Willow Creek Road, Suite 260
San Diego, California 92131

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Diego, California on June 1, 2004.

Allisa Albalos

ALLISA ALBALOS

1969821.1