USDC SCAN INDEX SHEET

CGL 7/28/04 10:52

3:04-CV-00760 RENO WILSON INC V. PR OPTICS

*17*

*ANSCNTCLM.*

Karl M. Steins, SBN 179418
STEINS & ASSOCIATES
2333 Camino Del Rio South, Suite 120
San Diego, California 92108
Telephone (619) 692-2004
Facsimile (619) 692-2003

Thomas F. DiPaolo, SBN 156779
DIPAOLO & ASSOCIATES APC
9820 Willow Creek Road, Suite 260
San Diego, California 92131
Telephone (858) 408-0621
Facsimile (858) 547-4691

Attorneys for Plaintiff and Counter-Defendant Reno Wilson, Inc.

FILED
04 JUL 27 PM 2:30
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO WILSON, INC., dba GATORZ<br><br>Plaintiff,<br><br>v.<br><br>PR OPTICS, LLC, a corporation; MAXAM EYEWEAR, a business entity; PAUL D. DiFIORE, an individual; and RUSSELL LACASSE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 04 CV 00760 LAB (BLM)<br><br>ANSWER TO COUNTERCLAIM |
| PR OPTICS, LLC, a New Jersey corporation dba MAXAM EYEWEAR<br><br>Counterclaimant,<br><br>v.<br><br>RENO WILSON, INC., dba GATORZ,<br><br>Counter-Defendant | |

17

CR

Comes now counter-defendant Reno Wilson, Inc., which is a California corporation doing business in California and elsewhere as Gatorz ("Gatorz") who answers the Counterclaim of counterclaimant P.R. Optics, LLC doing business as Maxam Eyewear ("Maxam") in like-numbered paragraphs as follows:

1. Gatorz admits the allegations contained in this paragraph.
2. Gatorz admits the allegations contained in this paragraph.
3. Gatorz admits the allegations contained in this paragraph.
4. Gatorz admits the allegations contained in this paragraph.
5. Gatorz realleges and incorporates by reference paragraphs 1 through 4.
6. Gatorz admits the allegations contained in this paragraph.
7. Gatorz denies the allegations contained in this paragraph.
8. Gatorz denies the allegations contained in this paragraph.
9. Gatorz realleges and incorporates by reference paragraphs 1 through 4.
10. Gatorz admits the allegations contained in this paragraph.
11. Gatorz denies the allegations contained in this paragraph.
12. Gatorz denies the allegations contained in this paragraph.
13. Gatorz realleges and incorporates by reference paragraphs 1 through 4.
14. Gatorz admits the allegations contained in this paragraph.
15. Gatorz admits the allegations contained in this paragraph.
16. Gatorz denies the allegations contained in this paragraph.
17. Gatorz denies the allegations contained in this paragraph.
18. Gatorz realleges and incorporates by reference paragraphs 1 through 4.
19. Gatorz affirmatively avers that until recently, Maxam manufactured eyeglass frames of a style and design originated and owned by Gatorz. Except as affirmatively averred above, Gatorz denies the remaining allegations of this paragraph.
20. Gatorz admits that on one or more occasions it had discussions with Maxam concerning what Gatorz understood to be reasonable and good faith estimates of future business. Except as affirmatively averred above, Gatorz denies the remaining allegations of this paragraph.

21. Gatorz lacks sufficient personal knowledge to either admit or deny the allegations contained in this paragraph, and on that basis denies them.

22. Gatorz denies the allegations contained in this paragraph.

23. Gatorz admits that it served Maxam with a summons and complaint in this matter on April 26, 2004. Except as affirmatively averred above, Gatorz denies the remaining allegations of this paragraph.

24. Gatorz affirmatively avers that it has entered into a customer/vendor relationship with a business entity within the State of California which has manufactured products for Gatorz. Except as affirmatively averred above, Gatorz denies the remaining allegations of this paragraph.

25. Gatorz denies the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

1. As a First Affirmative Defense, Maxam's Counterclaim and each of its purported claims for relief fail to set forth facts constituting any claim for relief against Gatorz.

2. As a Second Affirmative Defense, the Counterclaim fails to state a claim upon which relief can be granted.

3. As a Third Affirmative Defense, Maxam is barred by the equitable doctrine of estoppel.

4. As a Fourth Affirmative Defense, if Maxam suffered any damages, those damages occurred as a proximate result of its own acts, conduct or omissions and not as a result of any acts, omissions, or conduct of Gatorz. As a result, under the doctrines of *in pari delicto* and "unclean hands," Maxam is barred from asserting the claims set forth in the Counterclaim.

5. As a Fifth Affirmative Defense, if Maxam suffered any damages, such damages occurred as a proximate result of the intervening and superseding acts, omissions and conduct of third parties, and not as a result of any acts, omissions or conduct of Gatorz. Therefore, Maxam is barred from asserting all or any part of the purported claims set forth in the counterclaim.

6. As a Sixth Affirmative Defense, Maxam failed to take reasonable steps to mitigate its damages (if any) and, therefore, is barred from full recovery as requested in its prayer.

7. As a Seventh Affirmative Defense, the purchase contract alleged by Maxam in its Fourth Counterclaim lacks consideration and is, therefore, unenforceable.

8. As an Eighth Affirmative Defense, Gatorz denies the existence of any agreement or contract between the parties for production of the quantity of sunglasses alleged by Maxam.

9. As a Ninth Affirmative Defense, any failure of Gatorz to perform the obligations described in the Counterclaim is excused by the Maxam's own breach of contract in failing to timely fulfill its obligations under the alleged contract. Additionally, as a result of the foregoing failures of Maxam, Gatorz has been damaged in an amount to be determined at trial. These damages and expenses constitute an offset to any amount to which Maxam may be entitled.

10. As a Tenth Affirmative Defense, any failure on the part of Gatorz to perform the obligations described in the Counterclaim resulted from Maxam's own failure to perform. Maxam's performance was an obligation and a condition precedent to the performance of Gatorz's obligations. Therefore, Maxam is barred from recovery.

11. As a Eleventh Affirmative Defense, Gatorz did not misrepresent a matter of past or present fact.

12. As a Twelfth Affirmative Defense, any misrepresentation by Gatorz was immaterial.

13. As a Thirteenth Affirmative Defense, any representation made by Gatorz was made without its knowledge that the representation was false.

14. As a Fourteenth Affirmative Defense, Gatorz did not intend to defraud Maxam.

15. As a Fifteenth Affirmative Defense, Maxam did not actually rely on the alleged misrepresentation.

16. As a Sixteenth Affirmative Defense, Maxam's reliance, if any, on the alleged misrepresentation was not justifiable under the circumstances.

17. As a Seventeenth Affirmative Defense, Maxam did not incur actual damages as a proximate result of relying on the alleged misrepresentation.

WHEREFORE, Gatorz prays as follows:

1. That Maxam take nothing by virtue of the Counterclaim;
2. That Gatorz be dismissed from the Counterclaim with prejudice;
3. That Gatorz be awarded its reasonable attorneys' fees;
4. That Gatorz recover its costs of suit; and

5. For such other relief as the court deems just.

Dated: July 26, 2004

DIPAOLO & ASSOCIATES APC

THOMAS F. DIPAOLO
Attorneys For Plaintiff Reno Wilson, Inc.

# PROOF OF SERVICE

I am employed in the County of San Diego, State of California, over the age of 18 years and not a party to the within action. My business address is 9820 Willow Creek Road, Suite 260, San Diego, California 92131. On the date set forth below, I served to the foregoing [ ] original [X] true copy of the document(s) described as:

## GATORZ'S ANSWER TO COUNTERCLAIM

[ ] By transmitting via facsimile of the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 PM.

[X] By placing the documents(s) listed above in sealed envelope(s) with postage thereon fully prepaid, in the United States mail at San Diego, California, addressed as set forth below, or as stated on the attached service list.

[ ] By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below, or on the attached service list.

Nicola A. Pisano
Luce, Forward, Hamilton & Scripps
11988 El Camino Real, Suite 200
San Diego, CA 92130-2594
FAX (858) 720-6306

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in the affidavit.

I declare that I am an employee in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 26, 2004, and San Diego, California.

Thomas DiPaolo