USDC SCAN INDEX SHEET

CGL 1/4/05 7:54

3:04-CV-00760 RENO WILSON INC V. PR OPTICS

*34*

*ANS.*

Nicola A. Pisano, State Bar No. 151282
Adel Aali, State Bar No. 204797
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Del Mar Gateway, 11988 El Camino Real, Suite 200
San Diego, California 92130-2594
Telephone No.: 858.720.6300
Fax No.: 858.720.6306

FILED
04 DEC 22 PM 1:42
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

Attorneys for Defendant/Counter-Claimant PR OPTICS, LLC, d/b/a MAXAM EYEWEAR, and Defendant RUSSELL J. LACASSE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO WILSON, INC., d/b/a , GATORZ, a California Corporation,<br><br>Plaintiff,<br>v.<br><br>PR OPTICS, LLC, d/b/a MAXAM EYEWEAR, a New Jersey Limited Liability Corporation, RUSSELL J. LACASSE, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 04 CV 00760LAB (BLM)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS OF DEFENDANT/COUNTERCLAIMANT PR OPTICS, LLC, d/b/a MAXAM EYEWEAR**<br><br>DEMAND FOR JURY TRIAL |
| PR OPTICS, LLC, d/b/a MAXAM EYEWEAR, a New Jersey Limitd Liability Corporation,<br><br>Counterclaimant,<br>v.<br><br>RENO WILSON, INC., d/b/a , GATORZ, a California Corporation,<br><br>Counterdefendant. | |

Defendants PR Optics, LLC, d/b/a Maxam Eyewear (hereinafter "Maxam") and Russell J. Lacasse hereby respond to the First Amended Complaint ("Complaint") of Reno Wilson, Inc., d/b/a Gatorz (hereinafter "Gatorz") by filing this Answer and Maxam further responds by filing these Counterclaims.

The following paragraphs of the Answer correspond to like-numbered paragraphs of the Complaint:

## JURISDICTION AND VENUE

1. Defendants admit that the Complaint purports to state a claim for patent infringement arising under the Patent Laws of the United States and a claim for unfair trade practices arising under the Lanham Act. Defendants deny that diversity jurisdiction is conferred on this Court under 28 U.S.C. § 1332 because the matter in controversy does not exceed the statutorily required sum or value of $75,000.00. Defendants otherwise deny the remaining averments of paragraph 1.

2. Defendants deny the averments of paragraph 2.

## THE PARTIES

3. Based on information and belief, Defendants admit that Gatorz is a California corporation doing business in California and elsewhere as Gatorz. Defendants have insufficient information upon which to form a belief as to Gatorz's principal place of business, and therefore deny the remaining averments of paragraph 3.

4. Defendants admit that P.R. Optics LLC ("P.R. Optics") is a corporation organized and existing under the laws of the State of New Jersey, with places of business in Mt. Laurel, New Jersey, and Webster, Massachusetts, and otherwise deny the averments of paragraph 4.

5. Defendants admit that P.R. Optics does business as "Maxam" and otherwise deny the averments of paragraph 5.

6. Defendants admit that Lacasse is an individual and a resident of the State of Massachusetts. Defendants admit that Lacasse is a founder and officer of PR Optics, LLC, and otherwise deny the averments of paragraph 6.

7. Defendants deny the averments of paragraph 7.

8. Defendants have insufficient information upon which to form a belief regarding the averments of paragraph 8 and therefore deny the averments of paragraph 8.

9. Defendants have insufficient information upon which to form a belief regarding the averments of paragraph 9 and therefore deny the averments of paragraph 9.

//

//

## GENERAL ALLEGATIONS

10. Upon belief and information, Defendants admit that Gatorz is engaged in the business of distributing and marketing sunglasses, and otherwise have insufficient information to form a belief regarding the remaining averments of paragraph 10 and therefore deny the remaining averments of paragraph 10.

11. Defendants have insufficient information to form a belief regarding the averments of paragraph 11 and therefore deny the averments of paragraph 11.

12. Defendants admit that an application for United States Letters Patent serial number 564,489 was filed, and that on December 10, 1996 the United States Patent and Trademark Office issued U.S. Patent No. 5,583,583 ("the '583 patent") identifying Ken Wilson as the named inventor and that a copy of that patent is attached to the Complaint as Exhibit A. Defendants have insufficient information to form a belief as to whether Gatorz is the owner by assignment of the '583 patent, and therefore deny that averment. Defendants deny that the '583 patent was duly and legally issued, and deny the remaining averments of paragraph 12.

13. Defendants admit that an application for United States Design Patent serial number 46,871 was filed, and that on September 9, 1997 the United States Patent and Trademark Office issued U.S. Design Patent No. 383,478 ("the '478 patent") identifying Ken Wilson as the named inventor and that a copy of that patent is attached to the Complaint as Exhibit B. Defendants have insufficient information to form a belief as to whether Gatorz is the owner by assignment of the '478 patent, and therefore deny that averment. Defendants deny that the '478 patent was duly and legally issued, and deny the remaining averments of paragraph 13.

14. Defendants admit that an application for United States Design Patent serial number 53,097 was filed, and that on August 12, 1997 the United States Patent and Trademark Office issued U.S. Design Patent No. 382,291 ("the '291 patent") identifying Ken Wilson as the named inventor and that a copy of that patent is attached to the Complaint as Exhibit C. Defendants have insufficient information to form a belief as to whether Gatorz is the owner by assignment of the '478 patent, and therefore deny that averment. Defendants deny that the '478 patent was duly and legally issued, and deny the remaining averments of paragraph 14.

15. Defendants admit that an application for United States Design Patent serial number 67,910 was filed, and that on March 17, 1998 the United States Patent and Trademark Office issued U.S. Design Patent No. 392,307 ("the '307 patent") identifying Ken Wilson as the named inventor and that a copy of that patent is attached to the Complaint as Exhibit D. Defendants have insufficient information to form a belief as to whether Gatorz is the owner by assignment of the '307 patent, and therefore deny that averment. Defendants deny that the '307 patent was duly and legally issued, and deny the remaining averments of paragraph 15.

16. Defendants deny the averments of paragraph 16.

17. Defendants admit Exhibit E to the Complaint includes photographs of some of Maxam's products and otherwise deny the remaining averments of paragraph 17.

**FIRST CLAIM FOR RELIEF**
**(Alleged Patent Infringement)**

18. Defendants re-aver and incorporate by reference paragraphs 1-17 herein.

19. Defendants admit that Maxam has been made aware of '583 patent and otherwise have insufficient information to form a belief regarding the remaining averments of paragraph 19 and therefore deny the remaining averments of paragraph 19.

20. Defendants admit Exhibit E to the Complaint includes photographs of some of Maxam's products and otherwise deny the remaining averments of paragraph 20.

21. Defendants deny the averments of paragraph 21.

22. Defendants deny the averments of paragraph 22.

**SECOND CLAIM FOR RELIEF**
**(Alleged Common-Law Unfair Competition)**

23. Defendants re-aver and incorporate by reference paragraphs 1-22 herein.

24. Defendants deny the averments of paragraph 24.

25. Defendants have insufficient information to form a belief regarding the averments of paragraph 25 and therefore deny the averments of paragraph 25.

26. Defendants deny the averments of paragraph 26.

27. Defendants admit Exhibit E to the Complaint includes photographs of some of

Maxam's products and otherwise deny the remaining averments of paragraph 27.

28. Defendants deny the averments of paragraph 28.

29. Defendants deny the averments of paragraph 29.

30. Defendants deny the averments of paragraph 30.

31. Defendants deny the averments of paragraph 31.

**THIRD CLAIM FOR RELIEF**
**(Alleged Intentional Interference with Prospective Economic Advantage)**

32. Defendants re-aver and incorporate by reference paragraphs 1-31 herein.

33. Defendants admit that Maxam was made aware that a relationship existed between Gatorz and Orange County Cycles ("OCC") and otherwise have insufficient information to form a belief regarding the averments of paragraph 33 and therefore deny the averments of paragraph 33.

34. Defendants admit that Maxam was made aware that a relationship existed between Gatorz and Orange County Cycles ("OCC") and otherwise have insufficient information to form a belief regarding the averments of paragraph 34 and therefore deny the averments of paragraph 34.

35. Defendants deny the averments of paragraph 35.

36. Defendants deny the averments of paragraph 36.

37. Defendants have insufficient information to form a belief regarding the averments of paragraph 37 and therefore deny the averments of paragraph 37.

38. Defendants deny the averments of paragraph 38.

39. Defendants admit that Maxam and OCC have entered into a business relationship, and otherwise denies the remaining averments of paragraph 39.

40. Defendants deny the averments of paragraph 40.

41. Defendants deny the averments of paragraph 41.

**FOURTH CLAIM FOR RELIEF**
**(Alleged Intentional Interference with Prospective Economic Advantage)**

42. Defendants re-aver and incorporate by reference paragraphs 1-41 herein.

43. Defendants have insufficient information to form a belief regarding the averments of paragraph 43 and therefore deny the averments of paragraph 43.

44. Defendants admits that Gatorz ordered samples of eyeglass frames with labels of many different companies from Maxam, including the label "BBW". Defendants did not know what company the "BBW" label belonged to until Roger Borget ("Borget") contacted Maxam regarding Maxam's own frames. Defendants deny that Maxam was Gatorz's only manufacturer in early 2004 and otherwise denies the remaining averments of paragraph 44.

45. Defendants deny the averments of paragraph 45.

46. Defendants have insufficient information to form a belief regarding the averments of paragraph 46 and therefore deny the averments of paragraph 46.

47. Defendants deny the averments of paragraph 47.

48. Defendants deny the averments of paragraph 48.

49. Defendants deny the averments of paragraph 49.

50. Defendants deny the averments of paragraph 50.

**FIFTH CLAIM FOR RELIEF**
**(Alleged Breach of Trade Secret Agreement)**

51. Defendants re-aver and incorporate by reference paragraphs 1-50 herein.

52. Defendants admit that Maxam had been hired by Gatorz to manufacture certain sunglasses, and otherwise deny the remaining averments of paragraph 52.

53. Defendants deny the averments of paragraph 53.

54. Defendants have insufficient information to form a belief regarding what efforts, if any, Gatorz took to maintain the secrecy of what it believed to be its proprietary rights, and otherwise deny the averments of paragraph 54.

55. Defendants deny the averments of paragraph 55.

56. Defendants deny the averments of paragraph 56.

**SIXTH CLAIM FOR RELIEF**
**(Alleged Misappropriation of Trade Secrets)**

57. Defendants re-aver and incorporate by reference paragraphs 1-56 herein.

58. Defendants admit that Maxam has manufactured glasses on behalf of Gatorz, and otherwise deny the averments of paragraph 58.

59. Defendants have insufficient information to form a belief regarding what efforts, if any, Gatorz took to maintain the secrecy of what it believed to be its proprietary rights, and otherwise deny the averments of paragraph 59.

60. Defendants deny the averments of paragraph 60.

61. Defendants deny the averments of paragraph 61.

62. Defendants deny the averments of paragraph 62.

63. Defendants deny the averments of paragraph 63.

64. Defendants deny the averments of paragraph 64.

**SEVENTH CLAIM FOR RELIEF**
**(Alleged Infringement of '478 Patent)**

65. Defendants re-aver and incorporate by reference paragraphs 1-64 herein.

66. Defendants deny the averments of paragraph 66.

67. Defendants deny the averments of paragraph 67.

68. Defendants deny the averments of paragraph 68.

69. Defendants deny the averments of paragraph 69.

**EIGHTH CLAIM FOR RELIEF**
**(Alleged Infringement of '291 Patent)**

70. Defendants re-aver and incorporate by reference paragraphs 1-69 herein.

71. Defendants admit that Gatorz sells goods in accordance with the '291 Design Patent and otherwise deny the averments of paragraph 71.

72. Defendants deny the averments of paragraph 72.

73. Defendants deny the averments of paragraph 73.

74. Defendants deny the averments of paragraph 74.

**NINTH CLAIM FOR RELIEF**
**(Alleged Infringement of '307 Patent)**

75. Defendants re-aver and incorporate by reference paragraphs 1-74 herein.

76. Defendants admit that Gatorz sells goods in accordance with the '307 Design Patent and otherwise deny the averments of paragraph 76.

77. Defendants deny the averments of paragraph 77.

78. Defendants deny the averments of paragraph 78.

79. Defendants deny the averments of paragraph 79.

## AFFIRMATIVE DEFENSES

**(Jurisdiction)**

80. Defendants aver that this Court lacks jurisdiction over it under 28 U.S.C. § 1332 based on diversity because the matter in controversy does not exceed the statutorily required sum or value of $75,000.00.

**(Patent Non-infringement and Invalidity)**

81. Defendants aver that they have not infringed and do not infringe any claims of the ‘583 patent.

82. Defendants aver that each and every claim of the ’583 is invalid, having been issued in violation of the provisions of the patent statute, 35 U.S.C. §§ 102, 103 and 112.

83. Defendants aver that Gatorz is estopped to assert infringement of the '583 patent by Maxam because of amendments and arguments made by the patentee of the ‘583 patent during the prosecution of the applications for the ‘583 patent in the United States Patent and Trademark Office.

84. Defendants aver that Gatorz is equitably estopped to assert infringement of the ‘583 patent by Maxam because for several years it has had full knowledge of the very products it now alleges infringe the ‘583 patent, has advertised the allegedly infringing products in its own product catalogue without patent marking, has encouraged Maxam to invest resources in designing, planning and manufacturing the allegedly infringing products, has ordered and purchased those products under its own private label, has encouraged Maxam to increase its production of the very same products, and has never complained about any alleged infringement to Maxam.

85. Defendants aver that they have not infringed and do not infringe the claim of the ‘478 patent.

86. Defendants aver that the claim of the '478 patent is invalid, having been issued in violation of the provisions of the patent statute, 35 U.S.C. §§ 102, 103 and 112.

87. Maxam avers that Gatorz is estopped to assert infringement of the '478 patent by Maxam because of amendments and arguments made by the patentee of the '478 patent during the prosecution of the applications for the '478 patent in the United States Patent and Trademark Office.

88. Defendants aver that Gatorz is equitably estopped to assert infringement of the '478 patent by Maxam because for several years it has had full knowledge of the very products it now alleges infringe the '478 patent, has advertised the allegedly infringing products in its own product catalogue without patent marking, has encouraged Maxam to invest resources in designing, planning and manufacturing the allegedly infringing products, has ordered and purchased those products under its own private label, has encouraged Maxam to increase its production of the very same products, and has never complained about any alleged infringement to Maxam.

89. Defendants aver that they have not infringed and do not infringe the claim of the '291 patent.

90. Defendants aver that the claim of the '291 is invalid, having been issued in violation of the provisions of the patent statute, 35 U.S.C. §§ 102, 103 and 112.

91. Defendants aver that Gatorz is estopped to assert infringement of the '291 patent by Maxam because of amendments and arguments made by the patentee of the '291 patent during the prosecution of the applications for the '291 patent in the United States Patent and Trademark Office.

92. Defendants aver that Gatorz is equitably estopped to assert infringement of the '291 patent by Maxam because for several years it has had full knowledge of the very products it now alleges infringe the '291 patent, has advertised the allegedly infringing products in its own product catalogue without patent marking, has encouraged Maxam to invest resources in designing, planning and manufacturing the allegedly infringing products, has ordered and purchased those products under its own private label, has encouraged Maxam to increase its production of the very same products, and has never complained about any alleged infringement to Maxam.

93. Defendants aver that they have not infringed and do not infringe the claim of the '307 patent.

94. Defendants aver that the claim of the '307 is invalid, having been issued in violation of the provisions of the patent statute, 35 U.S.C. §§ 102, 103 and 112.

95. Defendants aver that Gatorz is estopped to assert infringement of the '307 patent by Maxam because of amendments and arguments made by the patentee of the '307 patent during the prosecution of the applications for the '307 patent in the United States Patent and Trademark Office.

96. Defendants aver that Gatorz is equitably estopped to assert infringement of the '307 patent by Maxam because for several years it has had full knowledge of the very products it now alleges infringe the '307 patent, has advertised the allegedly infringing products in its own product catalogue without patent marking, has encouraged Maxam to invest resources in designing, planning and manufacturing the allegedly infringing products, has ordered and purchased those products under its own private label, has encouraged Maxam to increase its production of the very same products, and has never complained about any alleged infringement to Maxam.

**(Lanham Act)**

97. Defendants aver that Maxam's goods and services do not contain any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, and do not cause confusion, mistake, or deception as to origin, affiliation or source of those goods. Defendants aver that Maxam's business conduct has not been in the past and is not now unfairly competitive under common law or the Lanham Act.

98. Defendants aver that pursuant to 15 U.S.C. § 1125(a)(3) Gatorz is not entitled to protection under the Lanham Act because it has not acquired and will not be able to acquire any trade dress under the Lanham Act for its eyeglasses and frames.

99. Defendants aver that Gatorz is equitably estopped to assert a claim of unfair competition under common law or the Lanham Act because for several years it has had full knowledge of every product made by Maxam, has advertised those products in its own catalogue, has encouraged Maxam to invest resources in designing, planning and manufacturing those

products, has ordered and purchased the same under its own private label, has encouraged Maxam to increase its production of the very same products, and has never complained about any alleged violation of Gatorz's trade dress or unfairly competitive practices.

**(No Intentional Interference With Gatorz's Alleged Prospective Economic Advantage)**

100. Defendants aver that they have not in the past, and do not now, intentionally interfere with Gatorz's alleged prospective economic advantage.

101. Defendants aver that they have consistently and continuously engaged in lawful and fair business practices.

**(No Breach of Alleged Trade Secret Agreement)**

102. Defendants aver that they have not breached the trade secret agreement between Gatorz and Model Tech, Inc.

**(No Misappropriation of Gatorz's Alleged Trade Secrets)**

103. Defendants aver that Gatorz does not own any trade secrets in the assembly and manufacturing techniques of the billet-style, metal-framed sunglasses because any such techniques has been disclosed to the public in the '583 patent.

104. Defendants aver that Maxam and its employees have never received, directly or indirectly, any alleged trade secrets of Gatorz. Maxam's manufacturing process has been designed and developed by its own employees, independently of Gatorz's alleged trade secrets. Maxam knows of only one manufacturing process allegedly developed at Gatorz, and that manufacturing process is disclosed in the '583 patent.

## MAXAM'S COUNTERCLAIMS

Maxam, for its counterclaim against Gatorz, alleges:

1. Maxam is a corporation organized and existing under the laws of the State of New Jersey, with places of business in Mt. Laurel, New Jersey, and Webster, Massachusetts.

2. Upon information and belief, Gatorz is a corporation organized and existing under the laws of the State of California with a place of business in Poway, California.

3. Jurisdiction over the subject matter of this counterclaim exists under 28 U.S.C. §§ 1331, 1338 and 1367(a). This counterclaim is also filed pursuant to Rule 13, Federal Rules of Civil Procedure.

4. Venue is proper in this district under 28 U.S.C. §§ 1391 (b).

**FIRST COUNTERCLAIM**
**(For Declaratory Judgment That The '583 Patent Is Not Infringed)**

5. Maxam re-avers and incorporates by reference paragraphs 1-4 of the Counterclaims herein.

6. An actual controversy exists between Maxam and Gatorz as to whether Maxam's products infringe the '583 patent by virtue of the Complaint herein.

7. Maxam has not in the past, and does not now infringe the '583 patent.

8. Maxam is entitled to a declaratory judgment that its products do not infringe the '583 patent under 35 U.S.C. § 271.

**SECOND COUNTERCLAIM**
**(For Declaratory Judgment That The '583 Patent Is Invalid)**

9. Maxam re-avers and incorporates by reference paragraphs 1-8 of its Counterclaims herein.

10. An actual controversy exists between Maxam and Gatorz as to the validity of the '583 patent by virtue of the Complaint herein.

11. The '583 patent is invalid, having been issued in violation of the provisions of the patent statute, Title 35 of the United States Code, Sections 102, 103 and 112.

12. Maxam is entitled to a declaratory judgment that the '583 patent is invalid.

**THIRD COUNTERCLAIM**
**(For Declaratory Judgment That The Gatorz Has Breached Its Purchase Agreements With Maxam)**

13. Maxam re-avers and incorporates by reference paragraphs 1-12 of its Counterclaims herein.

14. Maxam designs and manufactures eyeglass frames for Gatorz, which, until the filing of this Complaint, was Maxam's biggest customer. Gatorz purchased fully assembled

eyeglasses specifically designed for Gatorz, and also purchased fully assembled Maxam eyeglasses that were relabelled with Gatorz's labels and insignia.

15. Throughout 2003 and into early 2004, Gatorz represented to Maxam that its sales would soon increase and that its demand for Maxam's eyeglasses would increase sharply. Specifically, Gatorz informed Maxam that the latter would have to meet demand for more than 6,000 pairs of eyeglasses by June 30, 2004. Gatorz called this demand "a conservative forecast."

16. Relying on Gatorz's representations, throughout 2003 and into 2004 Maxam hired additional employees, purchased additional manufacturing equipment and otherwise prepared for Gatorz's projected increase in demand. Maxam undertook great expense and invested significant sums to increase its manufacturing capacity to fulfill Gatorz's forecast. Maxam's reliance on Gatorz's representations was justified.

17. In April 2004, Maxam received a rush order from Gatorz requesting Maxam to ship every frame that could be produced. Responsive to that request, Maxam shipped $47,000 of product to Gatorz.

18. Despite the April rush, Gatorz's "increased demand" never materialized. Instead of payment for the products it has received from Maxam, Gatorz served Maxam with the Complaint herein only days after it received shipment from Maxam.

19. Maxam has been informed and believes that Gatorz, while promising huge demand for Maxam's products and manufacturing services, has been in negotiations with another company in California to tool up and start manufacturing products for Gatorz.

20. To date Gatorz has only ordered 2,000 pairs of glasses of the forecasted 36,000 pairs of glasses from Maxam and has ordered no additional products. Gatorz has not paid Maxam for products it has already received. Consequently, Maxam has suffered irreparable damage to its business and reputation, has had to lay off employees, and otherwise has incurred great expense as a result of its reliance on Gatorz's misrepresentations.

21. By the above stated actions, Gatorz's has knowingly and wilfully breached its purchase contract with Maxam. As a result, Maxam has incurred actual damages in the amount of at least $47,000.00.

22. In addition, as a direct and proximate result of Gatorz's knowing and wilful misrepresentations, Maxam has incurred additional actual and consequential damages in an amount to be proven at trial.

**FOURTH COUNTERCLAIM**
**(For Declaratory Judgment That The '478 Patent Is Not Infringed)**

23. Maxam re-avers and incorporates by reference paragraphs 1-22 of the Counterclaims herein.

24. An actual controversy exists between Maxam and Gatorz as to whether Maxam's products infringe the '478 patent by virtue of the Complaint herein.

25. Maxam has not in the past, and does not now infringe the '478 patent.

26. Maxam is entitled to a declaratory judgment that its products do not infringe the '478 patent under 35 U.S.C. § 271.

**FIFTH COUNTERCLAIM**
**(For Declaratory Judgment That The '478 Patent Is Invalid)**

27. Maxam re-avers and incorporates by reference paragraphs 1-26 of its Counterclaims herein.

28. An actual controversy exists between Maxam and Gatorz as to the validity of the '478 patent by virtue of the Complaint herein.

29. The '478 patent is invalid, having been issued in violation of the provisions of the patent statute, Title 35 of the United States Code, Sections 102, 103 and 112.

30. Maxam is entitled to a declaratory judgment that the '478 patent is invalid.

**SIXTH COUNTERCLAIM**
**(For Declaratory Judgment That The '291 Patent Is Not Infringed)**

31. Maxam re-avers and incorporates by reference paragraphs 1-30 of the Counterclaims herein.

32. An actual controversy exists between Maxam and Gatorz as to whether Maxam's products infringe the '291 patent by virtue of the Complaint herein.

33. Maxam has not in the past, and does not now infringe the '291 patent.

34. Maxam is entitled to a declaratory judgment that its products do not infringe the '291 patent under 35 U.S.C. § 271.

**SEVENTH COUNTERCLAIM**
**(For Declaratory Judgment That The '291 Patent Is Invalid)**

35. Maxam re-avers and incorporates by reference paragraphs 1-34 of its Counterclaims herein.

36. An actual controversy exists between Maxam and Gatorz as to the validity of the '291 patent by virtue of the Complaint herein.

37. The '291 patent is invalid, having been issued in violation of the provisions of the patent statute, Title 35 of the United States Code, Sections 102, 103 and 112.

38. Maxam is entitled to a declaratory judgment that the '291 patent is invalid.

**EIGHTH COUNTERCLAIM**
**(For Declaratory Judgment That The '307 Patent Is Not Infringed)**

39. Maxam re-avers and incorporates by reference paragraphs 1-38 of the Counterclaims herein.

40. An actual controversy exists between Maxam and Gatorz as to whether Maxam's products infringe the '307 patent by virtue of the Complaint herein.

41. Maxam has not in the past, and does not now infringe the '307 patent.

42. Maxam is entitled to a declaratory judgment that its products do not infringe the '307 patent under 35 U.S.C. § 271.

**NINTH COUNTERCLAIM**
**(For Declaratory Judgment That The '307 Patent Is Invalid)**

43. Maxam re-avers and incorporates by reference paragraphs 1-42 of its Counterclaims herein.

44. An actual controversy exists between Maxam and Gatorz as to the validity of the '307 patent by virtue of the Complaint herein.

45. The '307 patent is invalid, having been issued in violation of the provisions of the patent statute, Title 35 of the United States Code, Sections 102, 103 and 112.

46. Maxam is entitled to a declaratory judgment that the '307 patent is invalid.

**TENTH COUNTERCLAIM**
**(For Declaratory Judgment That Maxam Has Not Breached Any Trade Secret Agreement)**

47. Maxam re-avers and incorporates by reference paragraphs 1-46 of its Counterclaims herein.

48. Maxam was hired by Gatorz to manufacture certain sunglasses. Gatorz did not require Maxam to execute a written agreement preventing and precluding defendants from disclosing any trade secrets acquired as a result of the business relationship between Gatorz and the defendants. Gatorz has not shown that it took sufficient efforts to maintain the secrecy of what it believed to be its proprietary rights.

49. Maxam has not breached any trade secret agreement.

50. Maxam is entitled to a declaratory judgment that Maxam has not breached any trade secret agreement.

**ELEVENTH COUNTERCLAIM**
**(For Declaratory Judgment That Maxam Has Not Misappropriated Any Trade Secrets)**

51. Maxam re-avers and incorporates by reference paragraphs 1-50 of its Counterclaims herein.

52. Maxam was hired by Gatorz to manufacture certain sunglasses. Maxam was not provided names of clients and potential clients in order that Maxam could manufacture special orders for such customers. At all time, Maxam did not know or should not have known that Gatorz's manufacturing and assembly techniques and the identity of Maxam's customers were what it believed to be trade secrets.

53. Maxam has not misappropriated any trade secrets.

54. Maxam is entitled to a declaratory judgment that Maxam has not misappropriated any trade secrets.

//

//

**TWELTH COUNTERCLAIM**
**(For Declaratory Judgment That Gatorz Has Committed Patent Misuse)**

55. Maxam re-avers and incorporates by reference paragraphs 1-54 of its Counterclaims herein.

56. Gatorz claims ownership by assignment of the '583 patent, the '478 patent, the '291 patent, and the '307 patent. Under such claim, Gatorz has alleged patent infringements against Maxam and other defendants, resulting in a loss of resources and other damages to the defendants. Gatorz knew or should have known that no patent infringement has occurred.

57. Gatorz has committed patent misuse.

58. Maxam is entitled to a declaratory judgment that the '583, '478, '291 and '307 patents are unenforceable by virtue of Gatorz's patent misuse.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully ask this Court to enter a judgment in their favor:

A. Adjudging that Defendants have not infringed any claim of the '583 patent;

B. Permanently enjoining Gatorz, its agents, servants, employees and attorneys, and those persons in active concert or participation with Gatorz from charging Maxam or any purchaser or user of Maxam products with infringement of any claim of the '583 patent;

C. Adjudging that the '583 patent is invalid;

D. Adjudging that Defendants have not infringed the claim of the '478 patent;

E. Permanently enjoining Gatorz, its agents, servants, employees and attorneys, and those persons in active concert or participation with Gatorz from charging Maxam or any purchaser or user of Maxam products with infringement of the claim of the '478 patent;

F. Adjudging that the '478 patent is invalid;

G. Adjudging that Defendants have not infringed the claim of the '291 patent;

H. Permanently enjoining Gatorz, its agents, servants, employees and attorneys, and those persons in active concert or participation with Gatorz from charging Maxam or any purchaser or user of Maxam products with infringement of the claim of the '291 patent;

I. Adjudging that the '291 patent is invalid;

J. Adjudging that Defendants have not infringed the claim of the '307 patent;

K. Permanently enjoining Gatorz, its agents, servants, employees and attorneys, and those persons in active concert or participation with Gatorz from charging Maxam or any purchaser or user of Maxam products with infringement of the claim of the '307 patent;

L. Adjudging that the '307 patent is invalid;

M. Adjudging this an exceptional case and awarding to Maxam its attorney fees pursuant to 35 U.S.C. § 285;

N. Adjudging that Maxam's goods and services do not contain any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, and do not cause confusion, mistake, or deception as to origin or affiliation, and otherwise source of those goods;

O. Adjudging that Maxam's business practices have not been in the past and are not now unfairly competitive under common law or the Lanham Act;

P. Adjudging that Maxam has not infringed Gatorz's trade dress;

Q. Adjudging that Gatorz is not entitled to any trade dress protection under the Lanham Act, 15 U.S.C. § 1125(a)(3);

R. Permanently enjoining Gatorz, its agents, servants, employees and attorneys, and those persons in active concert or participation with Gatorz from continued unfair trade practices against Maxam;

S. Adjudging that Defendants have not misappropriated any alleged trade secret belonging to Gatorz;

T. Adjudging that Defendants have not intentionally interfered with any prospective economic advantage of Gatorz;

U. Adjudging that Gatorz knowingly and willfully breached its purchase agreements with Maxam;

V. Adjudging that Gatorz is liable in an amount of $47,000 in direct damages to Maxam for its contract and an amount to be determined at trial for consequential damages for said

and other breaches;

W. Adjudging that Gatorz take nothing from its Complaint; and

X. Granting such other and further relief as this Court may deem just and proper.

DATED: December 22, 2004

Respectfully submitted,

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: [signature]
Nicola A. Pisano
Attorneys for PR OPTICS, LLC, d/b/a MAXAM EYEWEAR and RUSSELL J. LACASSE

## JURY DEMAND

Defendants demand trial by jury of all issues so triable.

DATED: December 22, 2004

Respectfully submitted,

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: [signature]
Nicola A. Pisano
Attorneys for PR OPTICS, LLC, d/b/a MAXAM EYEWEAR and RUSSELL J. LACASSE

PROOF OF SERVICE BY MAIL

I, Allisa Albalos, declare as follows:

I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is Del Mar Gateway, 11988 El Camino Real, Suite 200, San Diego, California 92130-2594. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen years, and am not a party to this action.

On December 22, 2004 I served the following:

**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS OF DEFENDANT/COUNTERCLAIMANT PR OPTICS, LLC, d/b/a MAXAM EYEWEAR**

on the below party in this action by placing a true copy thereof in an envelope, addressed as shown, for collection and mailing on the below indicated day pursuant to the ordinary business practice of this office which is that correspondence for mailing is collected and deposited with the United States Postal Service on the same day in the ordinary course of business:

Karl M. Steins, Esq.
STEINS & ASSOCIATES
2333 Camino del Rio South, Suite 120
San Diego, California 92108

And

Thomas F. DiPaolo, Esq.
DIPAOLO & ASSOCIATES APC
9280 Willow Creek Road, Suite 260
San Diego, California 92131

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Diego, California on December 22, 2004.

Allisa Albalos

ALLISA ALBALOS